**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000892
15-DEC-2014
08:34 AM**

NO. CAAP-11-0000892

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HERMAN ALAN SANTIAGO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-11-00772)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Herman Alan Santiago (Santiago) appeals from a Judgment entered on October 28, 2011, in the District Court of the Third Circuit, North/South Kona Division[1] (district court) convicting him of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (Supp. 2013)[2] and refusal to submit to a breath, blood, or urine test (Refusal to Submit) in violation of HRS §§ 291E-11 (2007), -15 (Supp. 2013), and -68 (Supp. 2011).

---

[1]  The Honorable Joseph P. Florendo presided.

[2]  HRS § 291E-61(a) provides in pertinent part:

§291E-61. Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Santiago contends that (1) the district court violated his constitutional right to testify when it failed to engage him in an on-the-record colloquy and obtain a waiver of his right to testify as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); (2) Santiago was deprived of the effective assistance of counsel; and (3) there was no substantial evidence to support a conviction on the charge for Refusal to Submit where Santiago was not provided counsel or read Miranda[3] warnings before deciding not to submit to testing. In supplemental briefing, Santiago also argues that pursuant to Missouri v. McNeely, ___ U.S. ___, 133 S.Ct. 1552 (2013),[4] the implied consent form used in this case was incorrect and misleading because Santiago had a right to refuse testing and could not be subject to criminal sanctions for asserting those rights; and HRS § 291E-68[5] is unconstitutional.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Santiago's points of error as follows, vacate the Judgment, and remand for a new trial.

**(1) Tachibana Colloquy** Just prior to starting the trial, the district court engaged in a Tachibana colloquy with Santiago in which it advised him of his right to remain silent or to testify, that he could talk with his attorney, and that he could

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

[4] McNeely was decided after briefing in this appeal had been completed. We granted Santiago's motion to file supplemental briefing to address McNeely. Santiago and Plaintiff-Appellee State of Hawaii submitted supplemental briefs on the effects of McNeely on this case, and the Attorney General filed an amicus brief defending the constitutionality of the Hawai'i statutes that penalize a refusal to submit to testing.

[5] HRS § 291E-68 provides:

> [§291E-68] Refusal to submit to a breath, blood, or urine test; penalty. Refusal to submit to a breath, blood, or urine test as required by part II is a petty misdemeanor.

wait until Plaintiff-Appellee State of Hawai'i (State) completed its case before making the decision whether to testify. However, it is undisputed that during trial, the district court failed to engage in an on-the-record colloquy with Santiago to further address his right to testify and to obtain a proper waiver directly from Santiago of his rights as required by Tachibana.

> The mere absence of such a colloquy constitutes a violation of a criminal defendant's right to testify.
> Hence the only issue remaining is whether [the defendant's] conviction and sentence must be vacated. In considering that issue, the question is whether the court's failure to conduct a Tachibana colloquy was harmless beyond a reasonable doubt.
> In other words, "the question is 'whether there is a reasonable possibility that error may have contributed to conviction.' 'If there is ... a reasonable possibility ..., then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.'"

State v. Graybeard, 93 Hawai'i 513, 521-22, 6 P.3d 385, 393-94 (App. 2000) (citations omitted). There clearly was a Tachibana violation in this case and the burden is on the State to prove that the violation was harmless beyond a reasonable doubt. State v. Pomroy, 132 Hawai'i 85, 94, 319 P.3d 1093, 1102 (2014).

The State concedes there was a Tachibana violation but makes no attempt to prove that the violation was harmless beyond a reasonable doubt. The State instead requests that we remand the case back to the district court for an evidentiary hearing at which the record could be developed so as to determine if the error was harmless beyond a reasonable doubt. However, the State cites no authority in support of this remedy. The State has not carried its burden.

When there is a reasonable possibility that a Tachibana violation is not harmless beyond a reasonable doubt, this court has vacated the final judgment and remanded for a new trial. See Graybeard, 93 Hawai'i at 522, 524, 6 P.3d at 394, 396. There is a reasonable possibility that the Tachibana violation in this case contributed to Santiago's convictions for OVUII and Refusal to Submit.

Santiago did not testify at trial. Based on Santiago's statements during sentencing, it appears that his version of events includes the contention that one of the officers at the scene of the traffic stop ran over his toe with his car prior to administration of the field sobriety tests (FSTs), thus explaining Santiago's poor performance on the FSTs. Santiago's performance on the FSTs was part of the basis relied upon by Officer Derek Foster (Officer Foster) to arrest Santiago for OVUII. Santiago's version of events was not admitted into evidence, although Officer Foster was cross-examined about whether Santiago's foot had been run over. Officer Foster acknowledged that a second officer arrived at the scene after initiation of the FSTs, then left to get a "blue-and-white" car to transport Santiago to the station upon arrest. Officer Foster also acknowledged that none of this was reflected in his report, and to the best of his knowledge, the other officer did not file a report. Santiago's counsel then engaged in the following questioning of Officer Foster:

> Q Okay. Isn't it true that my client's foot was run over by the blue-and-white?
>
> . . . .
>
> [Officer Foster]: That I do not know.
>
> Q (By [defense counsel]) So it's possible that his foot was run over by the blue-and-white?
>
> A I guess anything is possible, yeah.
>
> Q Okay. And you said that you weren't sure when the other officer came and when the other officer left, so is it possible that his foot got run over before he did the field sobriety tests?
>
> A I didn't see any vehicle that would have ran it over.
>
> Q So yes, it's possible; or no, it's not possible?
>
> A Well, the blue-and-white came after the field sobriety tests.

Officer Foster was the only witness at trial and no evidence was introduced regarding Santiago's alleged toe injury. Santiago's purported version of events possibly could have

explained his poor performance on the walk-and-turn test and his refusal to perform the one-leg-stand. "In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case." State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000). Thus, there is a reasonable possibility that the district court's failure to comply with the Tachibana requirements was not harmless beyond a reasonable doubt regarding the OVUII charge.

It is also possible that, if Santiago testified to his purported version of events, it might have impacted whether he was convicted for Refusal to Submit. Under HRS § 291E-11, which is contained in Part II of HRS Chapter 291E, tests are to be administered "at the request of a law enforcement officer *having probable cause* to believe the person operating a vehicle . . . is under the influence of an intoxicant. . . ." (Emphasis added.) In turn, under HRS § 291E-68, "[r]efusal to submit to a breath, blood, or urine test as required by part II is a petty misdemeanor." Thus, if Santiago's testimony raised a question about whether there was probable cause that he was operating a vehicle under the influence of an intoxicant, it may have impacted whether he was properly requested to submit to testing. Thus, there is a reasonable possibility that the district court's failure to comply with the Tachibana requirements was not harmless beyond a reasonable doubt regarding the Refusal to Submit charge.

The Tachibana violations are sufficient grounds to vacate the Judgment. We thus need not reach Santiago's point of error regarding ineffective assistance of trial counsel. However, we address below Santiago's contention that there was insufficient evidence to support his conviction for Refusal to Submit.[6] Graybeard, 93 Hawai'i at 522, 6 P.3d at 394

---

[6] Santiago does not assert on appeal that there was insufficient evidence to support his conviction for OVUII.

("[C]hallenges to the sufficiency of the evidence must always be decided on appeal." (citation and quotation marks omitted)); Pomroy, 132 Hawai'i at 94-95, 319 P.3d at 1102-03 (holding that appellant demonstrated a prejudicial Tachibana violation and there was substantial evidence supporting the initial conviction such that retrial did not violate double jeopardy). We also address Santiago's contentions raised in the supplemental briefing that challenge the validity of the implied consent form and HRS § 291E-68 in light of McNeely. McNeely was issued while this case was on appeal and after initial briefing had been completed.

**(2) Sufficiency of the Evidence** Santiago contends that there was insufficient evidence to support his conviction for Refusal to Submit because he did not make a knowing and intelligent decision to refuse to submit to a breath or blood test.

Despite Santiago's effort to frame this issue as one of sufficiency of evidence, his arguments on appeal amount to an effort to suppress evidence of his refusal to submit to testing. Santiago raises these arguments for the first time on appeal. As pointed out by the State, Santiago never filed a motion or asserted to the district court that evidence of his refusal to test should be suppressed. In his appellate briefing, Santiago relies on State v. Wilson, 92 Hawai'i 45, 987 P.2d 268 (1999); In re Doe, 96 Hawai'i 217, 30 P.3d 231 (2001); State v. Garcia, 96 Hawai'i 200, 29 P.3d 919 (2001); and State v. Taniguchi, 72 Haw. 235, 815 P.2d 24 (1991). However, in each of these cases, the defendants had filed a pre-trial motion to suppress or dismiss which was granted by the trial court. Wilson, 92 Hawai'i at 46, 987 P.2d at 269; Doe, 96 Hawai'i at 220, 30 P.3d at 234; Garcia, 96 Hawai'i at 201, 29 P.3d at 920; Taniguchi, 72 Haw. at 236, 815 P.2d at 24. Motions to suppress evidence must be brought before trial or else are waived. Hawaii Rules of Penal Procedure (HRPP) Rule 12(b)(3), (f); see State v. Przeradski, 5 Haw. App. 29, 31-32, 677 P.2d 471, 474 (1984) (noting the waiver of a suppression

argument when defendant fails to move prior to trial). Because Santiago did not attempt to suppress the refusal evidence before the district court, we need not address those arguments in this appeal.

Santiago's arguments on appeal do not dispute that the evidence that was admitted at trial was sufficient to show that he refused Officer Foster's request to submit to a breath or blood test. Even if Santiago had raised such an issue, the evidence in the record is more than sufficient to show that he refused testing.

Given the above, Santiago's contention, although couched as a challenge to the sufficiency of the evidence for the Refusal to Submit charge, is in fact not a challenge to the sufficiency of the evidence. This point of error lacks merit.

**(3) McNeely** In supplemental briefing, Santiago contends that pursuant to McNeely the implied consent form used in this case was incorrect and misleading because it did not reflect Santiago's alleged right to withdraw his implied consent to testing and that HRS § 291E-68 is unconstitutional for punishing his refusal to submit to testing.

The Hawai'i Supreme Court has "long held that: (1) legislative enactments are presumptively constitutional; (2) a party challenging a statutory scheme has the burden of showing unconstitutionality beyond a reasonable doubt; and (3) the constitutional defect must be clear, manifest, and unmistakable." Pray v. Judicial Selection Comm'n, 75 Haw. 333, 340, 861 P.2d 723, 727 (1993) (citation, internal quotation marks, and original brackets omitted).

Santiago's arguments based on McNeely are unavailing. In McNeely, the defendant was subjected to a warrantless nonconsensual blood draw after he was arrested on suspicion of drunk driving and refused to submit to breath testing. 133 S.Ct. at 1556-57. At trial, McNeely sought to suppress the results of the blood test on grounds that the blood draw was done without a search warrant. Id. at 1557. The question addressed by the

7

United States Supreme Court was "whether the natural dissipation of alcohol in the bloodstream establishes a *per se* exigency that suffices on its own to justify an exception to the warrant requirement for nonconsensual blood testing in drunk-driving investigations." Id. at 1558. The Court held that "the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant[]" and that the issue had to be addressed on a case-by-case basis. Id. at 1563, 1568. At no point in McNeely did the Court hold that implied consent laws were invalid.

This court has previously rejected a McNeely-based attack on Hawaii's implied consent law in State v. Yong Shik Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014) cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014), and noted that

> McNeely does not address breath tests or the validity of implied consent statutes, and neither McNeely's holding nor its reasoning compels the conclusion that HRS § 291E-68 is unconstitutional. Indeed, Justice Sotomayor and three other justices appear to endorse implied consent statutes, and their use of "significant consequences" to discourage a driver from refusing to submit to testing, as a preferred alternative to "nonconsensual blood draws." See McNeely, 133 S.Ct. at 1566 (plurality opinion).

134 Hawai'i at 80, 332 P.3d at 682 (footnote omitted). In Won, we drew a distinction between the breath test performed in that case, and the nonconsensual blood draw that occurred in McNeely. Id. at 77, 332 P.3d at 679 ("Unlike McNeely, Won was not subjected to a compelled nonconsensual blood draw. A breath test is 'less intrusive' than a blood test."). We held that "[u]nder these circumstances, we reject Won's claim that McNeely renders HRS § 291E-68 unconstitutional." Id. at 80, 332 P.3d at 682. The instant case is even further removed from McNeely in that *no* testing of any kind was performed on Santiago. Therefore, we reject Santiago's claim that McNeely renders HRS § 291E-68 unconstitutional.

In Won, this court further held that "[b]ecause Won has failed to show that HRS § 291E-68 is unconstitutional, we reject

8

his claim that the Implied Consent Form misinformed him of the sanctions for refusing to submit to testing because it included the sanctions imposed by HRS § 291E-68." 134 Hawai'i at 80, 332 P.3d at 682 (internal quotation mark omitted). Santiago similarly attempts to rely on McNeely to suggest that the implied consent form in this case was misleading, but there is nothing in McNeely that supports his contention. We thus reject Santiago's argument that the implied consent form in this case was misleading or incorrect based on McNeely.

Therefore,

IT IS HEREBY ORDERED that the Judgment entered on October 28, 2011, in the District Court of the Third Circuit, North/South Kona Division, is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, December 15, 2014.

On the briefs:

Alen M. Kaneshiro
(for Defendant-Appellant)

Linda L. Walton
County of Hawai'i
(for Plaintiff-Appellee)

Robert T. Nakatsuji
Deputy Solicitor General
(for *Amicus Curiae*
Attorney General of the
State of Hawai'i)

Presiding Judge

Associate Judge

Associate Judge